**KATTEN MUCHIN ROSENMAN LLP**
David Halberstadter (SBN 107033)
david.halberstadter@katten.com
Amelia E. Bruckner (SBN 341515)
amelia.bruckner@katten.com
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
Telephone: +1.310.788.4400
Facsimile:   +1.310.788.4471

Attorneys for Petitioner
MICHELE VIVES, In Her Capacity As The
Federal Equity Receiver Of 1inMM Capital,
LLC, Its Subsidiaries And Affiliates

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHELE VIVES, In Her Capacity As The Federal Equity Receiver Of 1inMM Capital, LLC, Its Subsidiaries And Affiliates, Including ROGUE BLACK, LLC And MINAMATA FILM, LLC, <br><br> Petitioner, <br><br> v. <br><br> IERVOLINO & LADY BACARDI ENTERTAINMENT S.P.A.; ORION RELEASING, LLC, <br><br> Respondents. | Case No. 2:24-cv-02625 <br><br> **PETITION TO CONFIRM ARBITRATION AWARD** |

*Katten*

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel   +1.310.788.4471 fax

---

**PETITION TO CONFIRM ARBITRATION AWARD**

300702634

Pursuant to Title 9 of the U.S. Code (the "Federal Arbitration Act"), specifically 9 U.S.C. §§ 9 and 207, Petitioner MICHELE VIVES, In Her Capacity As The Federal Equity Receiver Of 1inMM Capital, LLC, Its Subsidiaries And Affiliates, Including ROGUE BLACK, LLC And MINAMATA FILM, LLC ("Petitioner") petitions this Court to confirm the arbitration award of the Judicial Arbitration and Mediation Service ("JAMS"), dated March 15, 2024, in an arbitration captioned *Michele Vives v. Iervolino & Lady Bacardi Entertainment S.P.A. et al.*, JAMS Reference No. 5210000275 (the "Arbitration"), and alleges:

## THE PARTIES

### A.   Petitioner

1.     On April 5, 2021, the Securities and Exchange Commission ("SEC") filed a civil action in the United States District Court for the Central District of California entitled *Securities and Exchange Commission v. Zachary J. Horwitz and 1inMM Capital, LLC* (together, "Defendants"), bearing Case No. 21-cv-02927-CAS-GJS (the "Action"). The SEC alleged that Defendants committed an offering fraud and Ponzi scheme in violation of the federal securities laws. Specifically, the SEC alleged that, since at least March 2014 and continuing until at least December 2019, Defendants raised over $690 million from investors by selling promissory notes issued by 1inMM using fabricated agreements and fake emails with prominent third-party companies with whom Defendants had no actual business relationship. On October 4, 2021, in a separate but parallel criminal lawsuit (*United States v. Horwitz*, Case No. 21-cr-00214-MCS-1), Horwitz pled guilty to one count of securities fraud in violation of 15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. § 240.10b-5.

2.     On December 8, 2021, the SEC filed a motion in the Action asking the Court to appoint a receiver over 1inMM and over all assets held by, for the

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

**Katten**

300702634

benefit of, or under the direct or indirect control of Horwitz (the "Receiver Motion"). The SEC argued that appointing an equity receiver was necessary to marshal investor assets that Horwitz misappropriated into a variety of third-party business enterprises or for his own personal benefit, including Rogue Black, LLC ("Rogue Black") and Minamata Film, LLC ("Minamata Film"). A true and correct copy of the Receiver Motion is attached hereto as **Exhibit 1** and incorporated herein by reference.

3.      On January 14, 2022, the Court granted the Receiver Motion and entered an Order (the "Receiver Order"), finding that good cause existed to appoint a permanent receiver over 1inMM as well as assets that are attributable to investor or client funds or that were fraudulently transferred by Defendants, in order to identify and marshal assets to make the defrauded investors as whole as possible. A true and correct copy of the Receiver Order is attached hereto as **Exhibit 2** and incorporated herein by reference.

4.      The Receiver Order appointed Petitioner the permanent receiver of 1inMM and conferred upon Petitioner the "full powers of an equity receiver." The Receiver Order specifically authorizes and directs Petitioner to, among other things: take custody and control over all assets of 1inMM and its subsidiaries and affiliates; assume full control over 1inMM; conduct an investigation and discovery as may be necessary to locate and account for the assets of or managed by 1inMM and its subsidiaries and affiliates; preserve and prevent dissipation of the receivership estate assets; engage and employ attorneys and other professionals as the Receiver deems advisable or necessary to carry out her rights and duties under the Receiver Order; make an accounting of the financial condition of 1inMM; and investigate and, where appropriate, prosecute claims and causes of action that the Receiver may possess.

**PETITION TO CONFIRM ARBITRATION AWARD**

300702634

5.      Among other things, Horwitz invested approximately $21.5 million of 1inMM's funds in the production of a number of independent motion pictures through Rogue Black, which is a limited liability company organized and existing under the laws of the State of Delaware. One such motion picture is entitled *Minamata* (the "Picture"). The worldwide distribution rights to the Picture are owned and controlled by Minamata Film, which is a special purpose holding entity that also is organized and existing under the laws of the State of Delaware. Rogue Black owns 99% of the Membership Interests in Minamata Film.

6.      Subsequent to issuing the Receiver Order in the Action, the Court on September 29, 2022, issued a further "Order Requiring City National Bank To Transfer Funds From And Subsequently Close Rogue Black LLC Accounts" (the "Further Receiver Order"). Pursuant to paragraph 3 of this Order, the Court declared and ordered as follows:

> [T]he Receiver [*i.e.*, Petitioner herein] is, and has succeeded to be, the sole and exclusive managing member and legal representative of Rogue Black LLC, with the sole and exclusive power and authority to manage and direct its business and financial affairs, and that Rogue Black LLC is deemed to be an "affiliate" of 1inMM Capital, LLC for all purposes under the Receiver Order and applicable law.

A true and correct copy of the Further Receiver Order is attached hereto as **Exhibit 3** and incorporated herein by reference.

7.      Based on the Receiver Motion, the Receiver Order, and the Further Receiver Order, Petitioner has standing to assert and pursue monetary claims on behalf of both Rogue Black and Minamata Film.

Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel +1.310.788.4471 fax

300702634

### **B.**   **Respondents**

8.   Respondent IERVOLINO & LADY BACARDI ENTERTAINMENT S.P.A. ("ILBE") is a foreign public limited company with its Registered Office located at Via Salaria, 222 – Roma, Italy, 00198. ILBE describes itself as a global production company that was established by Andrea Iervolino and Lady Monika Bacardi in 2011 and which specializes in cinema and television content production. The company claims that it produces diversified content for an international audience, focusing on core production phases and intellectual property ownership.

9.   Respondent ORION RELEASING, LLC ("Orion") is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Beverly Hills, California.

### **JURISDICTION AND VENUE**

10.   This Court has subject matter jurisdiction over this action pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") under 9 U.S.C. §§ 202 and 203 and 28 U.S.C. § 1331, because the arbitration agreement and arbitral award at issue arise out of a commercial contractual relationship that envisages performance abroad (in part), and at least one of the parties – Respondent ILBE – is not a citizen of the United States, but rather, a citizen of Italy.

11.   This Court has personal jurisdiction over Respondents because they have minimum contacts with the State of California, conducted business in California with respect to the transaction at issue, and participated as parties to the Arbitration, which took place in California. In addition, Respondents agreed by the operative agreements that any arbitration award may be enforced in any court of competent jurisdiction in Los Angeles County, and thereby consented to personal jurisdiction in this District.

12.     Venue is proper in this District pursuant to 9 U.S.C. §§ 9 and 204 and 28 U.S.C. § 1391(a)(2) because the Arbitration was conducted, and the arbitration award was made, in this District. In addition, Respondents agreed in the operative agreements that any arbitration award may be enforced in any court of competent jurisdiction in Los Angeles County, and thereby consented to venue in this District.

### **RELEVANT BACKGROUND**

13.     Rogue Black, Minamata Film and Orion originally entered into an Acquisition Agreement dated as of July 6, 2020 (the "Acquisition Agreement"), pursuant to which Rogue Black and Minamata Film granted Orion certain rights to distribute the Picture. A true and correct copy of the Acquisition Agreement is attached hereto as **Exhibit 4** and incorporated herein by reference.

14.     Orion's distribution rights in the Picture included the defined "Domestic Territory" (which includes the United States and its territories and possessions and Canada) and the defined "International Territory" (which includes Germany, Austria, Switzerland and certain other countries or portions of countries). In consideration of its distribution rights in the Domestic Territory, Orion agreed to pay to Rogue Black and Minamata Film a "Domestic Minimum Guaranty" in the amount of US$1.5 million. In consideration of its distribution rights in the International Territory, Orion agreed to pay Rogue Black and Minamata Film an "International License Fee" of US$200,000.

15.     The Acquisition Agreement grants Orion the right to assign its rights and obligations thereunder to third parties. However, pursuant to paragraph 5 of Schedule 1 to the Acquisition Agreement, Orion agreed to remain secondarily liable to Rogue Black and Minamata Film in the event of an assignment:

    unless such assignment is to (a) a parent, subsidiary or affiliated
    entity of Orion, (b) a company that acquires all or substantially all

5

**PETITION TO CONFIRM ARBITRATION AWARD**

of Orion's assets, (c) a company into which Orion is merged or consolidated, and/or (d) a "major," "mini-major," "major independent" studio, television distributor, national broadcast or cable television network or similarly financially responsible company or person.

16.     Subsequent to the execution of the Acquisition Agreement, Rogue Black, Minamata Film, Orion and ILBE entered into "Amendment #1" to the Acquisition Agreement, dated as of November 30, 2021 ("Amendment #1"). A true and correct copy of Amendment #1 is attached hereto as **Exhibit 5** and incorporated herein by reference. Pursuant to Amendment #1, Orion assigned to ILBE all of its defined "Rights" under the Acquisition Agreement with respect to the Domestic Territory and ILBE assumed certain of Orion's obligation in respect thereof, including the obligation to pay the Domestic Minimum Guaranty. Amendment #1 did not, however, eliminate or release Orion from its secondary liability obligations under the Acquisition Agreement.

17.     In support of ILBE's assumption of its obligations to Rogue Black and Minamata Film with respect to the Domestic Territory, Orion agreed to make payment to ILBE of a "Support Minimum Guarantee" in the amount of US$500,000, the net effect of which was to be that ILBE's financial burden with respect to the Domestic Minimum Guaranty would be reduced from US$1.5 million to US$1 million.

18.     ILBE is not a parent, subsidiary or affiliated entity of Orion; it did not acquire all or substantially all of Orion's assets; it is not a company into which Orion was merged or consolidated; and, most critically, ILBE is not a "'major,' 'mini-major,' 'major independent' studio, television distributor, national broadcast or cable television network or similarly financially responsible company or person. Orion's assignment to ILBE of its rights and

300702634

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1 310.788.4400 tel   +1 310.788.4471 fax

obligations under the Acquisition Agreement therefore did not relieve Orion of its secondary liability to Rogue Black and Minamata Film on this basis.

19.     Moreover, there is no provision in Amendment #1 by which the parties agreed that Orion would be relieved of its secondary liability under the Acquisition Agreement. Neither (i) the provisions by which Orion's rights and obligations were assigned to ILBE, (ii) Rogue Black's and Minamata Film's "agreement" or "acceptance" of the terms of Amendment #1, nor (iii) Orion's agreement to pay the Support MG was in consideration of a release of Orion's secondary liability to Rogue Black and Minamata Film. To the contrary, Amendment #1 expressly provides that except as modified by Amendment #1, the Acquisition Agreement remained in full force and effect. Accordingly, notwithstanding Orion's assignment to ILBE of rights and obligations with respect to distribution of the Picture in the Domestic Territory, Orion remained secondarily liable to Rogue Black and Minamata Film for, among other things, the Domestic Minimum Guaranty.

20.     ILBE issued a "Notice of Direction to Pay" dated as of January 27, 2022, by which it authorized and directed Orion to pay the Support Minimum Guarantee directly to Rogue Black and Minamata Film. A true and correct copy of the Notice of Direction to Pay is attached hereto as **Exhibit 6** and incorporated herein by reference. Orion subsequently paid the Support Minimum Guarantee directly to Rogue Black and Minamata Film. As a result, the outstanding portion of the Domestic Minimum Guaranty was US$1 million.

21.     Pursuant to the Acquisition Agreement and Amendment #1, ILBE was obligated to pay the remaining US$1 million Domestic Minimum Guaranty within 15 business days of the latest of (i) execution of Acquisition Agreement, (ii) complete delivery and acceptance of all "Delivery Items" for the Picture, (iii) receipt of an invoice for payment; and (iv) the initial exploitation of the Picture

7

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

**Katten**

in the Domestic Territory, which release was required to occur by no later than June 30, 2022.

22.    With respect to the initial exploitation of the Picture in the Domestic Territory, the Acquisition Agreement originally obligated Orion to cause a "day and date" release of the Picture in the US Territory on a minimum of 10 screens under the Orion Classics label or another MGM-owned releasing label by no later than June 30, 2022. Amendment #1 amended this US theatrical release obligation to "an Oscar qualifying release, the terms of which shall be subject to [Rogue Black's and Minamata Film's] approval."

23.    All of the foregoing conditions (including the amended domestic theatrical release obligation) were satisfied by no later than December 15, 2021, when the Picture was released in the United States. Accordingly, pursuant to paragraph 7(c) of the Acquisition Agreement, payment of 100% of the Domestic Minimum Guaranty was due within 15 business days after that date. Nevertheless, ILBE failed to make payment of the remaining US$1 million portion of the Domestic Minimum Guaranty, despite demand for payment.

24.    On September 13, 2022, Rogue Black and Minamata Film delivered to ILBE (with a copy to Orion) a Notice of Default. A true and correct copy of the Notice of Default is attached hereto as **Exhibit 7** and incorporated herein by reference.

25.    Paragraph 8.2 of the Acquisition Agreement provides that in the event of a failure to pay any portion of the Domestic Minimum Guarantee when due, Orion (and, by virtue of its assignment, ILBE) shall have 30 days in which to cure said default, commencing upon receipt of the Notice of Default. If the default is not cured within that 30-day period, Rogue Black and Minamata Film have the right to terminate the Acquisition Agreement as well as commence an arbitration to recover that sum.

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

300702634

26.     More than 30 days elapsed after Rogue Black and Minamata Film served the Notice of Default on ILBE and Orion, but no portion of the due-and-owing US$1 million Domestic Minimum Guarantee was paid, either by ILBE or the secondarily liable Orion. Both ILBE and Orion therefore were in material breach of their obligations to Rogue Black and Minamata Film pursuant to the Acquisition Agreement and Amendment #1.

27.     The Acquisition Agreement provides at Schedule 1, paragraph 9: The parties hereto agree that any and all disputes or controversies of any nature arising at any time under this Agreement (a "Dispute") shall be resolved by binding arbitration in accordance with the procedures set forth in this paragraph, which shall constitute the sole dispute resolution mechanism hereunder. The arbitration shall be initiated and conducted according to the JAMS Comprehensive Arbitration Rules and Procedures ("Arbitration Rules"), with the decision of the arbitrator shall be binding upon the parties, and shall constitute a full and final adjudication of the controversy. The arbitration shall be conducted in Los Angeles County.

## THE ARBITRATION

28.     On January 13, 2023, Petitioner initiated the Arbitration against Respondents by filing a Demand for Arbitration with JAMS. A true and correct copy of the Demand for Arbitration is attached hereto as **Exhibit 8** and incorporated herein by reference. Respondents have never challenged the jurisdiction of JAMS to hear the dispute.

29.     On June 1, 2023, JAMS appointed the Honorable Terry Friedman (Ret.) as the Arbitrator. A true and correct copy of the notice from JAMS appointing the Arbitrator is attached hereto as **Exhibit 9** and incorporated herein by reference.

PETITION TO CONFIRM ARBITRATION AWARD

300702634

Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1 310.788.4400 tel  +1 310.788.4471 fax

30.     On July 19, 2023, the Arbitrator issued his Scheduling Order No. 1. A true and correct copy of this order is attached hereto as **Exhibit 10** and incorporated herein by reference. In Scheduling Order No. 1, the Arbitrator made the following rulings, among others: (a) The parties had waived disqualification and appointed him as the Arbitrator; (b) the claims asserted by Petitioner were arbitrable and the laws of California and JAMS Comprehensive Arbitration Rules and Procedures applied; and (c) a two-day plenary hearing would be conducted on February 6 and 7, 2024.

31.     The Arbitrator conducted an evidentiary hearing on February 6 and 7, 2024; and, following post-hearing briefing, the Arbitrator on March 15, 2024, issued his Final Award (the "Final Award"). A true and correct copy of the Final Award is attached hereto as **Exhibit 11** and incorporated herein by reference. Among other things, the Arbitrator concluded that ILBE was primarily liable and Orion was secondarily liable for the remaining portion of the Minimum Guaranty, and that both Respondents had breached the Acquisition Agreement and Amendment #1 by having failed to pay the remaining portion of the Minimum Guaranty. The Award provides that Petitioner is entitled to recover, jointly and severally from Respondents: (1) $1 million in damages; (2) prejudgment interest in the amount of $170,957.28 through the date of the Final Award; (3) further prejudgment interest at the daily rate of $273.97 for the period from the issuance of the Final Award until its confirmation to judgment and, thereafter, from entry of judgment until satisfied in full; and (4) $56,554.67 in arbitration fees, which constituted both the fees charged to Petitioner and the fees that Petitioner had to advance on behalf of ILBE, which paid none of the required JAMS fees.

32.     The Acquisition Agreement provides (at ¶ 9): "If either party refuses to perform any or all of its obligations under the final arbitration award within

**PETITION TO CONFIRM ARBITRATION AWARD**

15 days of such award being rendered, then the other party may enforce the final award in any court of competent jurisdiction in Los Angeles County."

33.   More than 15 days have elapsed since the issuance of the Final Award, and Petitioner is therefore entitled to enforce the Final Award.

34.   The Final Award was made in accordance with the Acquisition Agreement and Amendment #1 and is proper. There are no grounds upon which to vacate or correct the award. Accordingly, the Final Award should be confirmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court:

(a) Confirm to judgment the Final Award against Respondents, and each of them, in its entirety;

(b) Enter judgment in favor of Petitioner and against Respondents, jointly and severally, in the amount of $1,227,511.95, which amount includes (i) the principal amount of $1 million, (ii) prejudgment interest in the amount of $170,957.28 through the date of the Final Award, and (iii) arbitration fees totaling $56,554.67;

(c) Add to the judgment additional prejudgment interest, at the daily rate of $273.97, from the date of entry of the Award (March 15, 2024) through the date of entry of judgment;

(d) Add to the judgment post-judgment interest at annual rate of 10% on the unpaid portion of the judgment, from the date of entry of judgment until the judgment has been fully satisfied; and

(e) Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 29, 2024       **KATTEN MUCHIN ROSENMAN LLP**
**DAVID HALBERSTADTER**
**AMELIA E. BRUCKNER**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

300702634

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: /s/ *David Halberstadter*
David Halberstadter
Counsel for Petitioner

**PETITION TO CONFIRM ARBITRATION AWARD**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel   +1.310.788.4471 fax

**Katten**

300702634